**V1'I PITA, Plaintiff/Counterdefendant**

**v.**

**MIRIAMA GARRETT, and RICHARD GARRETT,**
**Defendants/Counterclaimants/Cross-Claimants**

**v.**

**TERRITORIAL REGISTRAR, and**
**SURVEY MANAGER OF THE DEPARTMENT OF PUBLIC**
**WORKS, MEKO AIUMU, Cross-Defendants**

---

**TIMU LEVALE, by and on behalf of the TIMU FAMILY, Plaintiffs**

**v.**

**RAY McMOORE, SESE McMOORE, and IOANE FE'AFE'AGA**
**ENE, Defendants**

---

</div>

HEIRS OF IOANE FE'AFE'AGA ENE, aka MAUGA FE'A ENE, TOLANI TELESO FUGA, ELETISE MATAGI WOLMAN, SENEUEFA PRITT, TIMU LEVALE, on behalf of the TIMU FAMILY, RAY McMOORE, SESE McMOORE, aka SESE PEKO SAGAPOLU, VI'I PITA, PERALITA CANDY FUAVAI, TAUINAOLA LAUAMA, FIALE NIKO, aka SOVITA SUAFO'A, SOVITA LIVING TRUST, MIRIAMA GARRETT, AMERIKA SAMOA BANK, and DOES 1-10, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 14-93
LT No. 20-93
LT No. 10-95

December 21, 1995

Before RICHMOND, Associate Justice, and AFUOLA, Associate Judge.

Counsel: For Plaintiff/Counterdefendant Vi'i Pita, Marshall Ashley
For Defendants/Counterclaimants/cross-Claimants Miriama Garrett and Richard Garrett, Charles V. Ala'ilima
For Cross-Defendants Territorial Registrar and Survey Manager of the Department of Public Works, Meko Aiumu, Cherie Shelton Norman, Assistant Attorney General, and Henry W. Kappel, Assistant Attorney General
For Plaintiff/Defendant Timu Levale on behalf of the Timu Family, Asaua Fuimaono
For Defendants Ray McMoore and Sese McMoore, aka Sese Peko Sagapolu, Togiola T.A. Tulafono

For Defendants Ioane Fe'afe'aga Ene, aka Mauga Ione Fe'a Ene, and Heirs of Ioane Fe'afe'aga Ene, aka Mauga Ione Fe'a Ene, Albert Mailo

For Plaintiff American Samoa Government, Cherie Shelton Norman, Assistant Attorney General, and Henry W. Kappel, Assistant Attorney General

For Defendants Tolani Teleso Fuga, Eletise Matagi Wolman, Senovefa Pritt, Pearlita Candy Fuavai, Tauinaola Lauama, Fiale Niko, aka Sovita Suafo'a, Sovita Living Trust, and Amerika Samoa Bank, no appearances

Order Denying Motion for Relief from Order and/or Partial Summary Judgment, and Compelling Land Title Registration Process:

## I. HISTORY

On September 1, 1995, plaintiff/counterdefendant/defendant Vi'i Pita, in LT No. 14-93 and LT No. 10-95, and defendants Tolani Teleso Fuga, Eletise Matagi Wolman, Senouefa Pritt, Tauinaola Lauama, Fiale Niko, and Sovita Living Trust, in LT No. 10-95, have moved for relief from this court's order, entered on July 6, 1993, in LT No. 20-93, denying a preliminary injunction and staying the action, and/or for partial summary judgment, in LT No. 10-95, upholding the validity of the title registration of the land at issue, approximately 8.37 acres in the Village of Ili'ili, by defendant Ioane Fe'afe'aga Ene, in LT No. 20-93, as his individually owned land.

Most of the individual parties to the three actions claim individually owned land interests in various portions of this land, derived from Ioane Fe'afe'afa Ene's title. Plaintiff/defendant Timu Levale, in LT No. 20-93 and LT No. 10-95, however, claims a portion of the land as the Timu family's communal land. We consolidated LT No. 14-93, LT No. 20-93 and LT No. 10-95 on March 14, 1995.

The motions were regularly heard on November 1, 1995. At the hearing, defendants/counterclaimants/cross-claimants Miriama Garrett and Richard Garrett, in LT No. 14-93 and LT No. 10-95, plaintiff American Samoa Government, in LT 10-95, cross-defendants Territorial Registrar and Survey Manager Meko Aiumu, in LT No. 14-93, and defendant Pearlita Candy Fuavai, in LT No. 10-95, joined in support of the motions. The original moving parties and those joining their cause are referenced below as the "movants."

Timu Levale opposed the motions. Counsel for defendant Amerika Samoa Bank, in LT No. 10-95, was present, but did not receive the

motions and merely suggested that all parties should be heard. Counsel for defendants Ray McMoore and Sese McMoore, in LT No. 20-93 and LT No. 10-95, was not present. Counsel for defendant Heirs of Ioane Fe'efa'aga, in LT No. 10-95, and Ioane Fe'afe'aga was also not present.

## II. MOTION FOR RELIEF

The movants were not parties to LT No. 20-93 at the time the order of July 6, 1993, was entered. That order, therefore, does not apply to them, as it cannot apply to strangers to that action when it was entered. The order has no *res judicata* effect on the movants. Thus, there is nothing from which to grant them relief.

## III. MOTION FOR PARTIAL SUMMARY JUDGMENT

The movants have also asked us to grant partial summary judgment on the issue of the validity of Ioane Fe'afe'aga Ene's title registration of the land. They rely primarily upon the argument that the Territorial Registrar's issuance of a certificate of registration created a presumption that the land has been validly registered with all procedural requirements having been met.

■ This presumption is not conclusive, however. As the movants correctly point out in the memorandum supporting their motion, the presumption can be overcome by a presentation of "compelling evidence." *See Ifopo v. Siatu'u*, 12 A.S.R.2d 24, 28 (App. Div. 1989). In order for us to grant a motion for summary judgment, the moving party must be entitled to judgment as a matter of law. T.C.R.C.P. 56(c); *Celotex Corp. v. Cattretts*, 477 U.S. 317, 322-23 (1986). There must be no genuine issue of material fact. T.C.R.C.P. 56(c); *Celotex*, 477 U.S. at 322-23. The presumption, being rebuttable, does not entitle the movants to summary judgment as a matter of law unless they also show that there is no genuine issue of material fact.

However, the very order from which movants seek relief shows that there is a genuine issue of material fact. In that order, we found that the procedures for registering the land title in question were not properly followed. *See* Orders Den. Prelim. Inj. & Staying Action, LT No. 20-93 (July 6, 1993). Specifically, the notice of the proposed title registration was not published in a local newspaper, as required by A.S.C.A. § 37.0103(a). Also, the Territorial Registrar's record is facially deficient in the absence of certificates of notice by the pulenu'u, newspaper, and clerk of courts, as required by A.S.C.A. § 37.0103(c). The Registrar's certificate of posting is also facially defective in that it was completed before the end of the 60-day notice period and that the affiant stated that notice was posted at only one public place in the village instead of the

144

required two places.[1] If non-compliance is indeed extensive, the Legislature may want to enact, with retroactive effect, a moratorium on the effective date of the new laws and a declaration of validity for all title registrations completed in compliance with the old laws during a defined problem period. Of course, if the Legislature takes up this corrective call, such legislation needs to be enacted twice by a two-thirds majority in both houses and have the Governor's approval, at two successive legislatures. Rev. Const. Am. Samoa, art. I, § 3, and art. II, §§ 9 and 19. The present Legislature could first pass such legislation when it convenes in January or July 1996, and the next Legislature could pass it the second time when it convenes in January 1997. The legislative solution cannot be put in place more expeditiously. When the face of title registration documents clearly show registration was not performed in accordance with statutory procedure, the registration is void. *Faleafine v. Suapilimai*, 7 A.S.R.2d 108, 113 (Land & Titles Div. 1988). This finding precludes the movants from receiving summary judgment.

■ Upon a motion for summary judgment, we are required to "view[] the evidence and the inferences that can be drawn therefrom in the light most favorable to the opposing party." *Program Engineer v. Triangle Publications*, 634 F.2d 1188, 1192-93 (9th Cir. 1980). "The burden is upon the moving party to show that there is no genuine issue of material fact in dispute, . . . and all doubts . . . must be resolved against the movant." *Dreher v. Sielaff*, 636 F.2d 1141, 1143 n.4 (7th Cir. 1980). Viewing the evidence in the light most favorable to the plaintiff/defendant Timu Levale and resolving all doubts against the movants, we must assume the registration procedures were not properly

---

[1] In addition to the facially defective title registration documents, we point out to counsel in LT No. 14-93 and LT No. 10-95 that the Acting Territorial Registrar clearly admitted to non-compliance with the new procedural requirements when she testified at the June 10, 1993, hearing in LT No. 20-93. The transcript of her testimony in the LT No. 20-93 file is recommended reading.

Other cases show the same or similar deficiencies, and we are gaining the impression that there was wholesale failure to comply with the newly enacted procedures in A.S.C.A. § 37.0103 for a significant period of time after their effective date on May 22, 1989. If this impression is correct, the Attorney General then in office may have been more at fault than the Acting Territorial Registrar by failing to adequately advise and instruct the Registrar, his departmental subordinate, on the requirements of the new law. We recommend to the present Attorney General that he assign a staff attorney to review the title registration files in the Territorial Registrar's Office to determine the extent of non-compliance with the 1989 changes in the law.

followed, as we concluded in our earlier order. The summary judgment motion must be denied.

## IV. COMPELLING LAND REGISTRATION PROCESS

Ioane Fe'afe'aga Ene died before the order of July 6, 1993, was entered. To our knowledge, the Heirs of Ioane Fe'afe'aga Ene have not yet renewed the title registration process to undertake the correct procedures. The court can resolve the issues in all three of the consolidated cases only when the title registration process is properly completed. Assuming Timu Levale timely objects and the dispute resolution proceedings under A.S.C.A. § 43.0302 are unsuccessful, the Secretary of Samoan Affairs must also issue a certificate of irreconcilable dispute in order to proceed in LT No. 20-93. Others may, of course, object during any new 60-day notice period.

Therefore, in order to move these actions along in a more expeditious manner, we now direct the Territorial Registrar to commence the title registration process in the name of the Estate of Ioane Fe'afe'aga Ene within 30 days of the entry of this order and in due course complete the registration process in full compliance with all applicable procedures.

Because the Territorial Registrar and American Samoa Government were substantially responsible for the failure of the earlier title registration, the Territorial Registrar's Office will initially bear all normal costs of the title registration procedure, including, but not limited to, the newspaper publication costs. The Registrar or Government may later attempt, if desired, to retrieve some or all of these costs from the Heirs of Ioane Fe'afe'aga Ene.

We further direct the Territorial Registrar and Secretary of Samoan Affairs to promptly undertake and complete any § 43.0302 dispute resolution procedure that may arise out of the new registration process. It is so ordered.